

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00069-CV
_____

R. WAYNE JOHNSON, Appellant

V.

K. ELLISON, Appellee

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 36,347

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

R. Wayne Johnson, a.k.a. "Legal Eagle,"[1] complains of an alleged "void order" dismissing his lawsuit against "K. Ellison" for "depravation [sic] of property" due to an alleged "refus[al] to process plaintiff's appeal" in a different lawsuit. Johnson complains that the court erred in finding that his petition "constitute[d] a frivolous filing." For the reasons set forth below, we dismiss the appeal for want of jurisdiction.

A court may enter an order prohibiting a person from filing a new litigation in a court in this state if the person is a vexatious litigant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a)(1) (West Supp. 2012). Johnson is on the State of Texas' list of vexatious litigants.[2] *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§11.051–.057 (West 2002). He is specifically prohibited from "filing any more litigation in Texas courts without permission of a local administrative judge." Office of Court Administration, *Vexatious Litigant Order* (July 31, 2012, 10:08 AM), http://www.txcourts.gov/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf.

---

[1]Office of Court Administration, *Vexatious Litigants* (July 31, 2012, 10:06 AM), http://www.txcourts.gov/oca/vexatiouslitigants.asp; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b) (West Supp. 2012).

[2]We have previously dealt with Johnson in his capacity as a vexatious litigant, as have three of our sister courts. *See In re Johnson*, No. 06-12-00057-CV, 2012 WL 2094424 (Tex. App.—Texarkana June 12, 2012, orig. proceeding); *In re Johnson*, No. 06-11-00096-CV, 2011 WL 4686502 (Tex. App.—Texarkana Oct. 7, 2011, orig. proceeding); *In re Johnson*, No. 06-11-00116-CV, 2011 WL 5135298 (Tex. App.—Texarkana Oct. 28, 2011, orig. proceeding); *In re Johnson*, No. 13-12-00024-CV, 2012 WL 171920 (Tex. App.—Corpus Christi Jan. 18, 2012, orig. proceeding); *In re Johnson,* No. 07-10-00254-CV, 2011 WL 2554381 (Tex. App.—Amarillo June 28, 2011, orig. proceeding); *In re Johnson*, No. 07-10-00202-CV, 2010 WL 474037 (Tex. App.—Amarillo Nov. 23, 2010, orig. proceeding); *In re Johnson*, No. 07-09-00008-CV, 2010 WL 1904276 (Tex. App.—Amarillo May 11, 2010, orig. proceeding); *In re Johnson*, No. 07-07-0431-CV, 2009 WL 2225844 (Tex. App.—Amarillo July 27, 2009, orig. proceeding); *In re Johnson*, No. 07-07-0245-CV, 2008 WL 2681314 (Tex. App.—Amarillo July 9, 2008, orig. proceeding); *In re Johnson*, No. 07-06-00445-CV, 2006 WL 3543015 (Tex. App.—Amarillo Dec. 8, 2006, orig. proceeding); *In re Johnson*, No. 09-04-129-CV, 2004 WL 584426 (Tex. App.—Beaumont Mar. 25, 2004, orig. proceeding); *In re Johnson*, No. 07-04-0009-CV, 2004 WL 76363 (Tex. App.—Amarillo Jan.16, 2004, orig. proceeding).

"A local administrative judge may grant permission to a person found to be a vexatious litigant under Section 11.101 to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a) (West Supp. 2012).[3] "A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West Supp. 2012). If the clerk mistakenly files the litigation without an order from the local administrative judge, as was done here, any party may file with the clerk and serve on the plaintiff and other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(b) (West Supp. 2012). On the filing of the notice, the court is required to dismiss the suit unless the plaintiff, within ten days after the notice is filed, obtains an order from the local administrative judge permitting the filing of the litigation. *Id.* Here, however, the record contains no indication that K. Ellison was served with notice of the suit, or that the party filed a notice in accordance with Section 11.103(b).

Nonetheless, permission from the local administrative judge was required as a prerequisite to the filing of the lawsuit. Here, the record failed to demonstrate that Johnson requested such permission. Noting this defect, we provided notice to Johnson requesting that he

---

[3]Although the trial court's dismissal order found Johnson's petition to be frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code, that determination was required to be made by the local administrative judge as a prerequisite to filing suit.

show this Court how we had jurisdiction over this appeal.[4]  Johnson's response has been received, but fails to demonstrate that the proper procedure set forth in Chapter 11 of the Texas Civil Practice and Remedies Code has been followed.  Accordingly, a prerequisite to filing suit was not met and the lawsuit should not have been filed.  We dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:       September 5, 2012
Date Decided:         September 6, 2012

---

[4]Ample time to allow Johnson to present the case to the local administrative judge was afforded.

4